**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL., | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:11-CV-1177-N |
| Plaintiff, | | |
| v. | | |
| LIBYAN INVESTMENT AUTHORITY and LIBYAN FOREIGN INVESTMENT COMPANY, | | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE DECLARATION OF JAMES C. SPINDLER**

Joseph M. Cox
State Bar No. 04950200
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Phone: (214) 468-3800
Fax:    (800) 404-3970

Henry Weisburg
Brian H. Polovoy
Stephen J. Marzen
Admitted *pro hac vice*
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069
Phone: (212) 848-4000
Fax:    (212) 848-7179

**ATTORNEYS FOR DEFENDANTS**

Defendants Libyan Investment Authority ("LIA") and Libyan Foreign Investment Company ("LFICO"; together with LIA, "Defendants") respectfully move to strike the declaration of James C. Spindler dated January 24, 2013 ("Spindler Decl."). The Spindler Declaration was submitted by Plaintiff Ralph S. Janvey, the court-appointed receiver (the "Receiver") for the Stanford International Bank, Ltd., in the appendix in support of his Response to Defendants' Motion to Dismiss the Second Amended Complaint [Dkt. 141 at 2, 10, 18-20, & 22 (Ex. A)].

Expert testimony on U.S. law in general, and Professor Spindler's testimony in particular, is admissible only if it is "help[ful]." *See* FED. R. EVID. 702(a) ("expert's scientific, technical, or other specialized knowledge will *help* the trier of fact") (emphasis added). Professor Spindler's testimony consists of two sets of opinions: (1) opinions on the control rights of Defendant Libyan Investment Authority ("LIA") as a shareholder of Defendant Libyan Foreign Investment Company ("LFICO") under U.S. law; and (2) opinions about the meaning of three Libyan legal documents, on which his control-rights opinions rest. Neither set of opinions is helpful. As a result, both sets of opinions should be stricken as inadmissible.

1.  Professor Spindler's control-rights opinions are not helpful because they purport to be expert opinions of U.S. law. Courts consistently strike expert testimony on U.S. law as inadmissible because it invades the province of the Court and simply tells the fact-finder how to decide. *See, e.g.*, *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law") (citing *Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir. 1996)); *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (excluding "hypothetical questions concerning what a reasonable fiduciary would do when confronted with facts identical to those in this case"; answers would have been inadmissible legal

opinions "tell[ing] the trier of fact what to decide"); *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997) (expert testimony about whether officers and directors breached their fiduciary duties was a legal opinion and therefore inadmissible); *Snap-Drape, Inc.*, 98 F.3d at 198 (reports were "nothing more than legal arguments" and were inadmissible; Fed. R. Evid. 704(a) "does not allow an expert to render conclusions of law"); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239-40 (5th Cir. 1983) (Fed. R. Evid. 704 does not permit expert testimony as to legal conclusions; "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant"); *Varco LP v. Bohnsack*, No. H-08-1481, 2010 WL 2900316, at *8 (S.D. Tex. July 20, 2010) (excluding expert testimony of inventorship in a patent law case because, as question of law, the judge, not the expert, had authority to resolve the issue) (citing *Askanase*, 130 F.3d at 672-73; *Owen*, 698 F.2d at 240) (citations omitted); *Lincoln Gen. Ins. Co. v. Valley Transp. Brokerage, Inc.*, No. H-01-1452, 2002 U.S. Dist. LEXIS 28245, at *11 (S.D. Tex. July 18, 2002) ("[N]either Rule 702 nor Rule 704 permits an expert witness to offer legal conclusions.") (citing *Alldread v. City of Grenada*, 988 F.2d 1425, 1436 (5th Cir. 1993); *Owen*, 698 F.2d at 240).[1]

---

[1] *See also, e.g.*, 3 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 7:12 (3d ed. 2007) (expert legal testimony is "largely inadmissible because it is not helpful under Fed. R. Evid. 702 . . . ."; "[w]hen parties offer expert testimony on the content of law during the ordinary course of trial, it is properly rejected, and courts often say that such testimony is not helpful or would interfere with the court's responsibility and cloud or confuse the issues for a jury"); *id*. § 7:20 ("Fed. R. Evid. 704 is . . . limited by the tradition against testimony expressing legal conclusions. That tradition holds generally that courts decide issues on the content of governing law, and that expert testimony does not help in this area and may do damage . . . . When expert testimony goes directly to the application of governing law to the facts of the case, it is usually excluded if it seems unhelpful, because it amounts to a kind of gratuitous advice telling the jury how to decide the case . . . ."); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 704.06 (Joseph M. McLaughlin ed., 2d ed. 2012) ("A troublesome issue arises when opinion testimony on an ultimate fact is couched in terms of a legal standard or legal conclusion. In general, testimony about a legal conclusion, or the legal implications of evidence is inadmissible under Rule 704."); *id*. § 704.04[1]("The most common

The Receiver does not dispute that expert legal testimony on U.S. law is inadmissible. Although he offered three decisions in a previous brief for the proposition that courts admit expert testimony on corporate governance, none of the three decisions admitted expert *legal* testimony. Instead, all three courts admitted the testimony of accountants. *See A.I. Credit Consumer Discount Co. v. Premiere Foods, Inc.*, Civ. No. 04-4049 (WHW), 2007 WL 3256733, *5 & n.6 (D.N.J. Nov. 5, 2007) (considering accountant's expert report on funds transfers that did not observe corporate formalities on motion for summary judgment); *PMG, Inc. v. Lockheed Martin Idaho Techs. Co.*, No. CV-02-539-E-BLW, 2006 WL 1207609, *1 (D. Id. Apr. 27, 2006) (admitting testimony of "CPA with over 30 years of experience" "to testify as an expert on capitalization and observance of corporate formalities," but holding that "an experienced engineer and patent attorney" "cannot offer legal conclusions"); *Cantiere DiPortovenere Piesse S.p.A. v. Kerwin*, 739 F. Supp. 231, 238 & n.21 (E.D. Pa. 1990) (finding sufficient evidence for jury verdict based on testimony of accountant who reviewed the "financial statements and tax returns" of a corporation and concluded that the two shareholders "ma[de] personal payments from NRG [the corporation] for their benefit and record[ed] them as expenses of the corporation."). Because none of the three decisions cited by the Receiver admitted expert *legal* testimony on corporate governance, the Receiver offers no precedent for the admission of Professor Spindler's testimony.

To the contrary, the Fifth Circuit in *Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997), excluded expert legal testimony *on corporate governance*. *See Askanase*, 130 F.3d at 672-73 (expert testimony on whether officers and directors breached fiduciary duties excluded as an

---

reason for excluding opinion testimony that gives a legal conclusion is lack of helpfulness . . . . The testimony supplies the jury with no information other than the witness's view of how the verdict should read."). *Id*. § 704.04[2][a].

inadmissible legal opinion); *Floyd v. Hefner*, 556 F. Supp. 2d 617, 640 (S.D. Tex. 2008) ("In *Askanase*, the plaintiff's *corporate governance expert* proposed to testify on 'whether [the corporation's] officers and directors fulfilled their fiduciary duties to the Company, its creditors, and shareholders. . . .'") (quoting *Askanase*, 130 F.3d at 673) (emphasis added); *see also Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (excluding expert legal opinion on whether a fiduciary acted "reasonable" as an "inadmissible legal opinion") (cited in Defs.' Opening Br. at 3).

Because "'resolving doubtful questions of law is the distinct and exclusive province of the trial judge' . . . federal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005). Accordingly, Professor Spindler's control-rights opinions should be stricken.

2.    Professor Spindler's opinions about the meaning of the three Libyan legal documents should be stricken as well because he is not competent to make them. Professor Spindler fails to identify any "scientific, technical, or other specialized knowledge" that he possesses to "help the trier of fact to understand" those three Libyan legal documents. FED. R. EVID. 702(a); *see* Spindler Decl. ¶ 2 (listing no expertise in Libyan law, ability to read Arabic, or experience in Libyan legal instruments).[2]

Professor Spindler may well be a fine teacher and scholar in "securities regulation, corporate law, tax, and corporate finance," which are the subjects listed on his faculty biography

---

[2] Although paragraph 3 of Professor Spindler's declaration states that his "curriculum vitae is appended to this declaration" (Spindler Decl. ¶ 3), no CV is attached.

on the website of the University of Texas School of Law.[3] But Professor Spindler has no superior understanding of the three Libyan legal documents than any other U.S. lawyer who has appeared in this action and operates at a substantial disadvantage to the three witnesses who can read the Libyan documents in their legally operative language, are trained in Libyan law, and have personal knowledge of how they were implemented.

## **CONCLUSION**

For the foregoing reasons, the Court should strike the Declaration of James C. Spindler.

Dated: February 22, 2013

Respectfully submitted,

*/s/ Joseph M. Cox*
Joseph M. Cox
State Bar No. 04950200
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Phone: (214) 468-3800
Fax:    (800) 404-3970
joe.cox@bgllp.com

---

[3] *See* http://www.utexas.edu/law/faculty/js59483/.

        Henry Weisburg
        Brian H. Polovoy
        Stephen J. Marzen
        Admitted *pro hac vice*
        SHEARMAN & STERLING LLP
        599 Lexington Avenue
        New York, New York 10022
        Ph.: (212) 848-4000
        Fax: (212) 848-7179
        hweisburg@shearman.com
        bpolovoy@shearman.com
        smarzen@shearman.com

        **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that the above was served via ECF electronic filing system to all counsel of record on this the 22nd day of February, 2013.

>                                  */s/Joseph M. Cox*
>                                  Joseph M. Cox